IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSE LEE BROWN, | : |
| Plaintiff, | : |
| v. | : Case No. 4:24-cv-158-TES-AGH |
| Sheriff HANK LYNCH, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION OF DISMISSAL

Plaintiff Jesse Lee Brown, a prisoner incarcerated at the Muscogee County Jail in Columbus, Georgia, filed a *pro se* Complaint seeking relief pursuant 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 2). As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he should not be permitted to proceed *in forma pauperis*. In addition, Plaintiff failed to completely disclose his litigation history despite the Court's clear instructions to do so. It is therefore **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* be **DENIED** and that this action be **DISMISSED without prejudice.**

## DISCUSSION

### I. Dismissal Pursuant to 28 U.S.C. § 1915(g)

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited—leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff filed multiple federal lawsuits and that at least three of his complaints or appeals have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brown v. Abbot*, ECF No. 22 in Case No. 4:03-cv-00108-BAE (S.D. Ga. June 1, 2004) (dismissing pursuant to 28 U.S.C. § 1915A(b)(1)); Order Dismissing Compl., *Brown v. McLane*, ECF No. 4 in Case No. 7:03-cv-00101-HL-RLH (M.D. Ga. Jan. 13, 2004) (dismissing as frivolous); Order on Mot. Recons., *Brown v. Nix*, ECF No. 12 in Case No. 7:03-cv-00098-HL-RLH (M.D. Ga. Jan. 6, 2004) (dismissing as frivolous and pursuant to 28 U.S.C. § 1915(g)); Order Dismissing Compl., *Brown v. Nance*, ECF No.

6 in Case No. 4:01-cv-00127-HL (M.D. Ga. Oct. 19, 2001) (adopting recommendation to dismiss for failure to state claim); *see also* Order Dismissing Compl., *Brown v. Ezell*, ECF No. 6 in Case No. 4:06-cv-00121-CDL (M.D. Ga. Oct. 23, 2006) (adopting recommendation to dismiss pursuant to 28 U.S.C. § 1915(g) after identifying at least four cases determined to be "legally frivolous"). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Att'y's Off.*, 334 F. App'x 278, 279 (11th Cir. 2009) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is 'serious physical injury.'" *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Although Plaintiff's Complaint is not a model of clarity, it appears he primarily contends he has been falsely imprisoned. *See, e.g.,* ECF No. 1 at 11 (seeking "damages from all the Defendants for aiding in the false imprisonment"). Plaintiff alleges he was illegally arrested without a warrant in Chattahoochee County, Georgia, on February 2, 2020 and "denied due pr[oc]ess to face his accuser" and a first appearance

hearing. *Id.* at 5. Plaintiff was released on bond in 2021 "but never given a docket call to return to court to face the charges." *Id.* at 6. On June 13, 2024, Plaintiff was arrested on new charges in Muscogee County, Georgia. *Id.* The Chattahoochee County Sheriff's Department placed a hold on Plaintiff based on the 2020 charges, and Plaintiff is presently incarcerated in the Muscogee County Jail as a result of this hold. *Id.*[1] Plaintiff names as Defendants in this action Chattahoochee County Sheriff Hank Lynch, former Chattahoochee Judicial Circuit Superior Court Judge Ben Land, and attorney John Wilson, who appears to be Plaintiff's current or former public defender. *Id.* at 6.

Any allegations challenging the constitutionality of Plaintiff's 2020 arrest and detention wholly fail to suggest that Plaintiff is in imminent danger of suffering any serious physical injury. Plaintiff, however, also mentions that he is currently facing serious physical danger in the Muscogee County Jail due to the conditions of his confinement there. *Id.* at 9. Plaintiff contends he suffers from "life threaten illness[es]," which include "heart condition and diabete[s] and high blood and HIV." *Id.* Plaintiff states he is not being "properly t[]reated" for these conditions, and he also suggests his current diet is not appropriate for his medical condition. *Id.*

While the failure to treat serious medical needs can place an inmate in imminent danger of serious physical injury for purposes of § 1915(g), Plaintiff's allegations here are not sufficient to do so. First, Plaintiff's allegations of imminent danger are too conclusory to warrant application of the exception. Plaintiff provides

---

[1] Plaintiff states he was indicted on those charges on September 27, 2021. ECF No. 1 at 10.

no specific facts about the symptoms he is experiencing. He also fails to explain what treatment or dietary modifications he requires, whether and from whom he has requested such treatment, and whether any treatment has been provided or expressly denied. A "prisoner's factual allegations must be sufficiently specific for us to infer that the prisoner has a serious disease and that prison officials have failed to treat it," otherwise the Court has "no basis for evaluating the imminence or dangerousness of the threat the prisoner faces." *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 421 (D.C. Cir. 2009). Moreover, without requiring prisoners "to demonstrate the actual existence of an imminent threat, otherwise disqualified filers could obtain IFP status simply by adding general allegations of endangerment." *Id.* Plaintiff's vague generalizations regarding his medical treatment are thus insufficient to establish that he is entitled to the § 1915(g) exception. *See id.* (holding that prisoner's allegations that he required unspecified medical treatment for untreated hepatitis, standing alone, were insufficient to establish imminent danger).

In addition, Plaintiff failed to allege a sufficient nexus between the claims he seeks to litigate—those involving his state court criminal case and the resulting "false imprisonment"—and his allegations of danger, which involve his treatment at the jail. A number of courts require there to "be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009); *see also McFadden v. U.S. Dep't of Justice*, 270 F. Supp. 3d 82, 87–88 (D.D.C. 2017) ("Multiple decisions from this district, however, as well as decisions in every circuit to have

resolved the issue, agree that § 1915(g) requires some nexus between the imminent danger asserted by the prisoner and the cause of action the prisoner seeks to litigate IFP." (internal citations omitted)). The Eleventh Circuit has suggested it will follow these courts. *Daker v. Robinson*, 802 F. App'x 513, 515 (11th Cir. 2020) (citing *Pettus* to support holding that claims that prison officials were harming plaintiff in prison did not have sufficient nexus to claims that state court judges and clerks "mishandled" plaintiff's state cases). This nexus "requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint." *Pettus*, 554 F.3d at 297.

In this case, Plaintiff's claims concerning the conditions of his confinement are "too attenuated from the crux of the complaint—that state actors mishandled his cases"—to warrant application of the § 1915(g) exception. *Daker*, 802 F. App'x at 515. The disconnect between Plaintiff's substantive claims and his claims of imminent danger is underscored by the fact that Plaintiff does not request any injunctive relief to remedy the conditions of his confinement or sue any Muscogee County Jail officials. Indeed, it appears Plaintiff is pursuing these claims in a separate action filed in this Court, *Brown v. Mitchell*, Case No. 4:24-cv-00144-CDL-AGH (M.D. Ga. Oct. 11, 2024). His Complaint therefore does not "seek to redress an imminent danger of serious physical injury." *Pettus*, 554 F.3d at 297.

For these reasons, Plaintiff should not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without

prejudice to his right to refile with pre-payment of the full $405 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II.     Dismissal for Failure to Disclose Litigation History

Plaintiff's Complaint should also be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because he affirmatively misrepresented his litigation history to the Court. Plaintiff drafted his Complaint on the Court's standard § 1983 complaint form. This form requires a *pro se* plaintiff to disclose his complete litigation history before stating his claims. Relevant here, the form unambiguously states, "Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?" ECF No. 1 at 2. In response to this question, Plaintiff checked yes. The form then requires prisoners to provide information about each lawsuit filed and notes, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH." *Id.* Plaintiff listed only one lawsuit, which the Court presumes is *Brown v. Mitchell*, Case No. 4:24-cv-00144-CDL-AGH (M.D. Ga. Oct. 11, 2024), given Plaintiff's statement that the case is currently pending before the undersigned. *See id.*[2]

---

[2] In response to the question asking if he had ever "filed a lawsuit dealing with the same or similar facts or issues that are involved in this action[,]" Plaintiff also disclosed one lawsuit filed against Sheriff Lynch in this Court in 2021. ECF No. 1 at 2. The Court presumes this case is *Brown v. Lynch*, Case No. 4:20-cv-00053-CDL-MSH (M.D. Ga. Mar. 23, 2020).

The standard form also states, "AS TO <u>ANY</u> LAWSUIT FILED IN <u>ANY</u> FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?" ECF No. 1 at 3. In response to this question, Plaintiff again checked yes. *Id.* The form then provides space for the prisoner to "state the name of the court and docket number as to each case." *Id.* In response, Plaintiff wrote, "Middle District" and "Don't recall #." *Id.*

A search of the PACER database confirms that Plaintiff has filed more than two dozen federal cases in the Georgia district courts.[3] As noted above, at least four of those cases were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted; he has been identified as a "three-striker;" and he

---

[3] Searches of the Georgia Department of Corrections online offender query system and the Muscogee County Jail online jail roster shows that Plaintiff spells his first name "Jessie" and "Jesse," and he also has the unusual alias "Bones." https://portal-gamuscogee.tylertech.cloud/app/JailSearch/#/search (searched "Jessie Brown") (last visited Jan. 14, 2025); https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQry_Redirector.jsp (searched "Brown, Jessie") (last visited Jan. 14, 2025). The Court has confirmed that Plaintiff filed approximately two dozen cases by cross-referencing Plaintiff's Georgia Department of Corrections identification number (407093), two Georgia Department of Corrections case numbers assigned to Plaintiff (EF164171 and EF477643), and Plaintiff's Muscogee County Sheriff's Office identification number (572810), with the information available on PACER to ensure that Plaintiff filed each of the following cases in addition to the cases already mentioned above: *Brown v. Tompkins*, 4:20-cv-00260-CDL-MSH (M.D. Ga. Oct. 22, 2020); *Brown v. Thomas*, Case No. 4:20-cv-00098-CDL-MSH (M.D. Ga. May 12, 2020); *Brown v. Blakely*, Case No. 7:18-cv-64-HL-TQL (M.D. Ga. Apr. 20, 2018); *Brown v. Owen*, Case No. 7:14-cv-170-HL-TQL (M.D. Ga. Oct. 24, 2014); *Brown v. Owens*, Case No. 1:14-cv-00177-JRH-BKE (S.D. Ga. Sept. 2, 2014); *Brown v. Stracker*, Case No. 4:12-cv-00260-CDL-MSH (M.D. Ga. Sept. 27, 2012); *Brown v. Ezell*, Case No. 4:06-cv-121-CDL (M.D. Ga. Oct. 23, 2006); *Brown v. Amideo*, Case No. 7:03-cv-00091-HL-RLH (M.D. Ga. Aug. 21, 2003); *Brown v. Thomason*, Case No. 4:03-cv-00052-BAE-GRS (S.D. Ga. Mar. 19, 2003); *Brown v. Fletcher*, Case No. 5:02-cv-0007-CWH (M.D. Ga. Jan. 9, 2002); *Brown v. Wetherington*, Case No. 5:01-cv-00517-DF (M.D. Ga. Dec. 24, 2001); *Brown v. Allen*, Case No. 6:99-cv-00020-BAE (S.D. Ga. Jan. 13, 1999); *Brown v. Allen*, Case No. 6:98-cv-00083-WTM-JEG (S.D. Ga. June 3, 1998); *Brown v. Lewis*, Case No. 6:92-cv-000106-DHB (S.D. Ga. July 27, 1992); *Brown v. Malmberg*, Case No. 6:92-cv-00028-WTM (S.D. Ga. Apr. 13, 1992); *Brown v. Lewis*, Case No. 6:91-cv-00073-DHB (S.D. Ga. Oct. 16, 1991); *Brown v. Foster*, Case No. 6:90-cv-00126-DHB-JEG (S.D. Ga. Nov. 8, 1990); *Brown v. Durrence*, Case No. 6:90-cv-00118-AAA-JEG (S.D. Ga. Oct. 29, 1990); *Brown v. Byrd*, Case No. 6:90-cv-00095-AAA-JEG (S.D. Ga. Sept. 13, 1990).

has had cases dismissed pursuant to § 1915(g). Moreover, while Plaintiff disclosed filing a minimal number of cases in the Middle District of Georgia, he did not acknowledge filing any cases at all in the Northern or Southern Districts of Georgia, despite having filed approximately a dozen cases in those jurisdictions.

A prisoner's "failure to comply with court rules requiring disclosures about [his] previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915A(b)(1). *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013); *see also Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011).[4] "Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936.

A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current

---

[4] The cases cited herein refer to three different statutes: 28 U.S.C. § 1915(d), 28 U.S.C. § 1915(e)(2)(B)(i), and 28 U.S.C. § 1915A. 28 U.S.C. § 1915(d) is the predecessor to 28 U.S.C. § 1915(e)(2)(B)(i). Like 28 U.S.C. § 1915A, both statutes contain a provision allowing the Court to determine whether a complaint is subject to dismissal as being frivolous or malicious, although dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) is now mandatory if such a finding is made. *See, e.g., Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). Though the Court is recommending dismissal based on 28 U.S.C. § 1915A, cases referring to any of these statutes support dismissal of Plaintiff's Complaint.

complaint have already been decided. *Williams v. Wiggins*, No. 6:09-cv-943-Orl-28DAB, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. And, as other courts within this Circuit have reasoned, if *pro se* plaintiffs were not penalized for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted); *see also Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (agreeing with district court's conclusion that allowing prisoner to "acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Here, Plaintiff failed to disclose his complete litigation history on a complaint form that unambiguously requires this disclosure. Plaintiff specifically identified only two previous lawsuits he filed out of at least two dozen, and his responses suggest he only filed cases in the Middle District of Georgia even though approximately half of the cases he filed were filed outside of this district. The form warned Plaintiff that "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL," ECF No. 1 at 2, and any claim that Plaintiff simply forgot filing more than two dozen lawsuits lacks credibility. *Shelton v. Rohrs,* 406 F. App'x 340, 340 (11th Cir. 2010) (finding that prisoner "would have known that he filed multiple previous lawsuits" even though he

claimed he did not remember filing lawsuits and that his records were inaccessible). It thus appears that Plaintiff intentionally omitted references to his past litigation history in an effort to avoid the three-strikes bar. Plaintiff's Complaint is accordingly subject to sua sponte dismissal. *See Kendrick v. Sec'y, Fla. Dep't Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (per curiam) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears*, 509 F. App'x at 936; *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (holding that "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal" under § 1915(d)).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, and that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and/or § 1915A(b)(1).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the

deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 3rd day of February, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE
