IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| JESSE LEE BROWN,<br><br>*Plaintiff*,<br><br>v.<br><br>Sheriff HANK LYNCH, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>4:24-cv-00158-TES-AGH |

**ORDER ADOPTING THE UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION OF DISMISSAL**

Before the Court is the United States Magistrate Judge's Recommendation of Dismissal [Doc. 4] to which Plaintiff Jesse Lee Brown filed an Objection [Doc. 7]. Prior to filing his Objection, Plaintiff also filed a Motion to Amend [Doc. 5] his Complaint [Doc. 1] and a Motion to Appoint Counsel [Doc. 6]. In light of Plaintiff's Objection, the Court must make a de novo determination of the objected-to portions of the Recommendation. 28 U.S.C. § 636(b)(1)(C).

A.    **Plaintiff's Objection**

In this case, Plaintiff, who is a three-striker under 28 U.S.C. § 1915(g), asserts claims that concern his conditions of his confinement at the Muscogee County Jail, in Columbus, Georgia, and claims that state actors mishandled his criminal cases. [Doc. 1, pp. 5–6, 9]; [Doc. 4, pp. 1, 3–4, 6]. The ins and outs of Plaintiff's factual allegations are, of

course, more fully presented in the Magistrate Judge's Recommendation, but a review of the record absolutely shows that Plaintiff affirmatively misrepresented his previous litigation history. [Doc. 4, pp. 3–7].

### 1. Failure to Disclose Previous Litigation History

While it's likely that Plaintiff "is not a robot" (as he argued in his Objection) when it comes to remembering the sheer boatload of cases that he's filed in Georgia's district courts, he needed to be more forthcoming. [Doc. 7, p. 3]. Instead, he provided misleading responses when filling out this Complaint—responses that made it seem like he's only ever filed one or two. [Doc. 1, pp. 2–3]; [Doc. 4, p. 10]; [Doc. 7, pp. 2–3].

As the Magistrate Judge explained, there are ample reasons for the requirement that prisoners must provide their previous litigation history—chief among them, whether cases may need to be consolidated or "whether any claims or issues in [a] complaint have already been decided." [Doc. 4, pp. 9–10 (citing *Williams v. Wiggins*, No. 6:09-cv-943-Orl-28DAB, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010))]. So, requiring a prisoner to provide more that what Plaintiff provided here is not, as he argued in his Objection, "very unreasonable." [Doc. 7, p. 2]. At the very least, Plaintiff could've made the smallest effort to be more candid about his abundant litigation history by telling the Court (in his Complaint) something like, "I've filed a lot of cases, and I can't remember all of them." *See Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (finding that prisoner "would have known that he filed multiple previous lawsuits" even though he

2

claimed he did not remember filing lawsuits and that his records were inaccessible). Something, anything to alert the Court to the fact that Plaintiff has filed several lawsuits so that it could comply with its duty to enforce the statutory three-strikes bar. 28 U.S.C. § 1915(g). [Doc. 4, p. 9]. Plaintiff, though, chose to be vague, only identifying two of his previous lawsuits. [Doc. 1, pp. 2–3]; [Doc. 4, p. 10]. Two—out of more than two dozen. [Doc. 4, pp. 2–3, 6, 8 n.3]. He *knew* that he had filed more than the two cases he disclosed, and that is a sufficient basis for the Court to find "an abuse of the judicial process" warranting dismissed under 28 U.S.C. § 1915A(b)(1). *Shelton*, 406 F. App'x at 340; [Doc. 4, p. 9 (first citing *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013), and then citing *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011))].

Plaintiff certainly could have made a little more effort to be a little more forthright, but he chose not to. Therefore, given Plaintiff's disingenuous disclosure of his extensive previous litigation history, the Court **ADOPTS** the portion of the Magistrate Judge's Recommendation relating to Plaintiff's failure to disclose the overwhelming majority of his previous cases, and it **DISMISSES** his Complaint **without prejudice** pursuant to § 1915A(b)(1). [Doc. 4, pp. 7–11].

### 2.      Imminent Danger Exception to 28 U.S.C. § 1915(g)

With respect to the rest of Plaintiff's Objection, he argued that he objects "as a whole" on the basis that the Magistrate Judge held him "to the stand[ard] of a trained attorney." [Doc. 7, p. 1]. First, this portion of Plaintiff's Objection is completely

frivolous, and when a party's objections are "[f]rivolous, conclusive, or general," the district court need not consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Second, the fact that the Magistrate Judge accessed the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database to enforce the three-strikes bar under § 1915(g) does not mean that Plaintiff was held to the standard of an attorney when it came to the merits of his claims. [Doc. 7, p. 1].

Upon review of the record, it's clear that the Magistrate Judge, in discussing Plaintiff's claims, was mindful that his Complaint must be "held to a less stringent standard" than a pleading drafted by an attorney and gave it the liberal construction it was due. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam)). Likewise, in reviewing and liberally construing Plaintiff's Complaint as well as the allegations set forth in his Motion to Amend,[1] the Court concludes that he has not alleged facts seeking to redress an imminent danger of serious physical injury that would allow him to proceed *in forma pauperis* for this lawsuit. [Doc. 1]; [Doc. 5]; *see also* [Doc. 4, pp. 3–7]. Accordingly, the

---

[1] Although leave to amend a complaint should be freely given, Fed. R. Civ. P. 15(a)(2), "[a] proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *Maynard v. Bd. of Regents of Div. of Univs. of Florida Dept. of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that a motion to amend may be denied based on the "futility of the amendment"). Accordingly, the Court **DENIES** Plaintiff's Motion to Amend [Doc. 5].

Court also **ADOPTS** the portion of the Magistrate Judge's Recommendation relating to the imminent danger exception to § 1915(g). The Court also **DISMISSES** Plaintiff's Complaint **without prejudice** pursuant to § 1915(g) to his right to refile with pre-payment of the full $405 filing fee.[2] [Doc. 4, pp. 3–6].

    **B.**    <u>**Conclusion**</u>

Based on the foregoing, the Court **ADOPTS** the United States Magistrate Judge's Recommendation of Dismissal [Doc. 4] and **MAKES IT THE ORDER OF THE COURT**. The Court **DENIES** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2], *see* n.2, *supra*, and **DISMISSES** his Complaint [Doc. 1] **without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(g). Lastly, the Court **DENIES** Plaintiff's Motion to Appoint Counsel [Doc. 6] **as moot**. *See also* [Doc. 7, pp. 1–2].

**SO ORDERED**, this 21st day of February, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**

---

[2] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").